UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MILTON HERNANDEZ, :
:
    Plaintiff, : Civ. No. 13-1156 (RBK) (JS)
:
v. : **OPINION**
:
JORDAN R. HOLLINGSWORTH, :
:
    Defendant. :
:

**ROBERT B. KUGLER, U.S.D.J.**

**I.    INTRODUCTION**

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff fears for his safety as he claims that he has been improperly labeled as a member of the MS-13 gang. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice.

**II.    BACKGROUND**

Plaintiff names one defendant in his complaint, specifically Jordan Hollingsworth, who is the warden at F.C.I. Fort Dix. For purposes of screening the complaint, the allegations of the complaint will be accepted as true.

---

[1] Plaintiff initially sought to proceed *in forma pauperis* which was denied without prejudice. Subsequently, plaintiff paid the filing fee. Therefore, the Clerk will be ordered to file the complaint.

Plaintiff states that he began serving his federal sentence for a controlled substance violation in 2008 in Kansas City, Missouri. At that time, plaintiff learned that he had been labeled as a MS-13 gang member. As a result, he was harassed and threatened by other inmates. Plaintiff was subsequently transferred to F.C.I. Forrest City in Arkansas after a few months. However, while at Forrest City, the MS-13 designation followed plaintiff and he was placed in a special housing unit for his safety for five-and-one-half months.

In 2010, plaintiff states that he was transferred to F.C.I. Fort Dix. He states that he has not been harassed by fellow inmates for his purported gang affiliation. Plaintiff claims that he is concerned about going home to El Salvador upon his currently scheduled release date in 2018 due to being labeled an MS-13 gang member. He states that he fears for the safety of his family members in El Salvador as well due to the MS-13 designation and that he will never secure employment after he is released from prison due to this classification.

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(b). Section 1915A(b) directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

  B. *Bivens* Actions

*Bivens* is the federal counterpart to 42 U.S.C. § 1983. *See Walker v. Zenk*, 323 F. App'x 144, 145 n.1 (3d Cir. 2009) (per curiam) (citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal officials); *see also Collins v. F.B.I.*, No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that Bivens actions are simply the federal counterpart to § 1983 claims brought against state officials' and thus the analysis established under one type of claim is applicable under the other.") (internal quotation marks and citations omitted).

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

## IV. DISCUSSION

As previously stated, the complaint names one defendant, Jordan Hollingsworth, the warden at F.C.I. Fort Dix where plaintiff is currently incarcerated. The Court construes the complaint as attempting to allege a failure to protect claim against Hollingsworth due to plaintiff being designated as a member of the MS-13 gang. To state a claim against a prison official for failure to protect, "the inmate must pled facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)). "Deliberate indifference" is a subjective standard whereby "'the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). As noted by the Third Circuit:

> It is not sufficient that the official should have known of the risk. [*Beers Capitol*, 256 F.3d at] 133. A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842. In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

*Bistrian*, 696 F.3d at 367.

In this case, plaintiff does not allege nor allow for the reasonable inference that defendant Hollingsworth subjectively knew of any substantial risk of harm that plaintiff might face as a result of his purported MS-13 designation. Indeed, the complaint does not even state that the warden was aware that plaintiff had been so designated as a member of the MS-13 gang. Furthermore, plaintiff even admits that he has not been harassed by fellow inmates for his MS-13

designation since he arrived at F.C.I. Fort Dix in 2010.  (*See* Dkt. No. 1-2 at p. 10.)  Accordingly, the complaint fails to state a claim upon which relief can be granted against defendant Hollingsworth.  *Accord Okey v. Strebig*, 531 F. App'x 212, 215 (3d Cir. 2013) (per curiam) ("[T]he amended complaint does not allege or allow for the reasonable inference that Strebig subjectively knew of any substantial risk of harm Okey might fact from these inmates once they were told of Okey's criminal charges.").

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant plaintiff leave to amend the complaint unless amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  In this case, because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein with respect to defendant Hollingsworth, the complaint will be dismissed without prejudice.

## V.     CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failing to state a claim upon which relief can be granted.  An appropriate order will be entered.

DATED:  January 21, 2014

                                                        s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge