## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____
MILTON HERNANDEZ,                          :
                                           :
                Plaintiff,                 :        Civ. No. 13-1156 (RBK) (JS)
                                           :
        v.                                 :        **OPINION**
                                           :
JORDAN HOLLINGSWORTH,                      :
                                           :
                Defendant.                 :
_____   :

**ROBERT B. KUGLER, U.S.D.J.**

## I.       INTRODUCTION

Plaintiff is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New

Jersey.  He is proceeding *pro se* with a civil rights complaint filed pursuant to *Bivens v. Six*

*Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. §§ 1981 & 1985.

On January 21, 2014, the Court dismissed the complaint without prejudice.  The Court gave

plaintiff thirty days in which to move to reopen this case and instructed him that he should attach

to any such motion to reopen a proposed amended complaint that corrected the deficiencies

noted in the January 21, 2014 Opinion.  On July 29, 2014, the Court received plaintiff's motion

to reopen along with a proposed amended complaint.  While plaintiff's motion to reopen is

plainly untimely, in the interest of justice, the Court will grant the motion to reopen and the

Clerk will be ordered to file the amended complaint.  For the reasons that follow, this action will

be transferred to the United States District Court for the Eastern District of Arkansas.

## II.      BACKGROUND

The Court dismissed plaintiff's original complaint without prejudice on January 21, 2014.

Plaintiff named only Jordan Hollingsworth, the warden at F.C.I. Dix, as a defendant in his

original complaint.  The Court detailed plaintiff's allegations in his original complaint as

follows:

> Plaintiff states that he began serving his federal sentence for a
> controlled substance violation in 2008 in Kansas City, Missouri.
> At that time, plaintiff learned that he had been labeled as a MS-13
> gang member.  As a result, he was harassed and threatened by
> other inmates.  Plaintiff was subsequently transferred to F.C.I.
> Forrest City in Arkansas after a few months.  However, while at
> Forrest City, the MS-13 designation followed plaintiff and he was
> placed in a special housing unit for his safety for five-and-one-half
> months.
>
> In 2010, plaintiff states that he was transferred to F.C.I. Fort Dix.
> He states that he has not been harassed by fellow inmates for his
> purported gang affiliation.  Plaintiff claims that he is concerned
> about going home to El Salvador upon his currently scheduled
> release date in 2018 due to being labeled an MS-13 gang member.
> He states that he fears for the safety of his family members in El
> Salvador as well due to the MS-13 designation and that he will
> never secure employment after he is released from prison due to
> this classification.

(Dkt. No. 7 at p. 2.)  The Court construed plaintiff's original complaint as attempting to allege a

failure to protect claim against Hollingsworth due to plaintiff being designated as a member of

the MS-13 gang.  Ultimately, the Court dismissed the original complaint without prejudice

because plaintiff failed to allege that Hollingsworth subjectively knew of any substantial risk of

harm that plaintiff could face as a result of his purported MS-13 affiliation.  Furthermore, the

Court noted that the complaint was devoid of any allegations that Hollingsworth was aware that

plaintiff had been so designated as a member of the MS-13 gang.  Indeed, the Court further

explained that plaintiff admitted that he had not been harassed by fellow inmates for his MS-13

designation since his arrival at F.C.I. Fort Dix in 2010.  Accordingly, the Court dismissed the

complaint without prejudice, giving plaintiff leave to file an amended complaint if he elected to

do so.

Plaintiff has now submitted an amended complaint.[1]  Plaintiff names six defendants in his amended complaint:  (1) Robert Mueller – Director of the Federal Bureau of Investigation ("FBI"); (2) Gregory Beninato – Special Agent at the FBI; (3) Robert Sigler – Assistant United States Attorney; (4) Warden – U.S. Penitentiary, Leavenworth, Kansas; (5) Warden # 2 – FCI Forrest City, Forrest City, Arkansas; and (6) John Does 1-10.

Plaintiff states that in 2007, government informants, on orders from Beninato, deliberately and intentionally set out to smear, taint and tarnish the name of plaintiff by telling plaintiff's neighbors that he was a member of the MS-13 gang.  During 2007, the defendants were complicit in the knowledge and conduct of government informants who threatened to blackmail plaintiff by disseminating this false gang affiliation information.  Defendants failed to deter or report on this behavior and actually encouraged or acted in concert with the informants.

Plaintiff was arrested in 2007 on federal drug conspiracy charges.  He claims that the plan to disseminate the false information about him being a member of the MS-13 gang spilled into his 2008 trial.  He specifically alleges that defendant Sigler and witnesses deliberately mentioned the MS-13 gang no less than seventy-seven times, thereby intentionally disregarding the knowledge that plaintiff was never a member of the gang.  This trial testimony purportedly tainted the pre-sentence report which in turn was used to classify and categorize plaintiff within the Federal Bureau of Prisons ("BOP") system.  Plaintiff states that the BOP system penalizes inmates for their gang affiliation.

Plaintiff also states that in 2008 he was in a maximum security prison in Kansas City. Plaintiff alleges that he knew at that time that prison staff had disseminated to the prison

---

[1] The amended complaint and the allegations therein completely supersede the allegations of the previously dismissed original complaint.  *See West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 172 (3d Cir. 2013).

population that he was an alleged member of the MS-13 gang.  This led to assaults and threats to plaintiff by inmate gang members.  When plaintiff complained to prison staff about this issue, he was told that court papers classified him as a MS-13 member and that it did not matter how inmates had discovered the information since they would hear about it "sooner or later."

Plaintiff was then transferred to a low security prison in Forrest City, Arkansas.  While at that prison, plaintiff again received threats and assaults from his alleged MS-13 gang membership.  Plaintiff was then placed in segregated punitive confinement in the Special Housing Unit ("SHU").  Plaintiff was told by prison staff members that he would likely to be transferred to another facility in light of intelligence received regarding past and impending threats of violations related to his alleged MS-13 gang affiliation.  Plaintiff was also told by inmates that he had now become targeted by MS-13 gang members for purported trying to "get out" of the gang.  Plaintiff was forced to seek refuge within the protection of another prison gang.  Nevertheless, plaintiff states that he has learned that there are MS-13 members outside of prison and in El Salvador that have marked him for death.

Plaintiff asserts his claims under *Bivens* as well as 42 U.S.C. § 1981 and § 1985.  Plaintiff demands monetary damages on his claims.

### III.    DISCUSSION

Typically, at this time, this Court would screen the complaint pursuant to 28 U.S.C. § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  However, because venue is not proper in this District based on the allegations of the amended complaint, the action will be transferred to a court where venue is proper before this Court screens the petition under § 1915A(b).

The applicable venue statute in this action is 28 U.S.C. § 1391(b) which states as follows:

> A civil action may be brought in –
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property the is the subject of the action is situated; or
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*; *see also Pennello v. United States*, No. 11-6964, 2011 WL 6097771, at *3 (D.N.J. Dec. 6, 2011) (noting that proper venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b)); *Henneghan v. Smith*, No. 09-7381, 2011 WL 609875, at *2 (S.D.N.Y. Feb. 17, 2011) (noting that venue for Section 1981 and 1985 claims is governed by 28 U.S.C. § 1391) (citation omitted). Plaintiff does not state where all of the defendants reside. However, it can be assumed that the defendants reside in different states. For example, plaintiff has named the wardens of two different federal prisons that are located in different states as defendants. Thus, the most applicable venue provision for this case would be 28 U.S.C. § 1391(b)(2).

The events giving rise to the allegations of the amended complaint did not occur in this District. Indeed, plaintiff alleges that he was falsely labeled a member of MS-13: (1) before and at his 2008 trial (which occurred in Nebraska)[2]; (2) while incarcerated at a federal prison in Kansas City in 2008; and (3) while incarcerated at a federal prison in Forrest City, Arkansas.

---

[2] Plaintiff's criminal trial took place in Nebraska. *See United States v. Hernandez*, 569 F.3d 893 (8th Cir. 2009).

5

Accordingly, venue is not proper in New Jersey as none of the events of the amended complaint occurred in this District.

Under such circumstances, this Court will transfer this case to a District where venue is proper.  However, it appears as if venue could be proper in several districts as the events giving rise to the allegations of the complaint occurred in the District of Nebraska, the District of Kansas and the Eastern District of Arkansas.  For the reasons that follow, despite the fact that venue may be proper in three potential federal districts, the Court will transfer this case to the United States District Court for the Eastern District of Arkansas.

The statute of limitations for a *Bivens* claim is taken from the forum state's personal injury statute.  *See Hughes v. Knieblher*, 341 F. App'x 749, 752 (3d Cir. 2009) (per curiam) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988)).  In Nebraska, that limitations period would be four years.  *See Baker v. Neneman*, No. 14-3051, 2015 WL 757295, at *1 (D. Neb. Feb. 23, 2015) (citing NEB. REV. STAT. § 25-207; *Bridgeman v. Nebraska State Penitentiary*, 849 F.2d 1076, 1077-78 (8th Cir. 1988)).  Kansas has a two-year statute of limitations period.  *See Martino v. U.S. Marshal Service*, No. 11-3075, 2012 WL 884911, at *2 (D. Kan. Mar. 14, 2012) (citing KAN. STAT. ANN. § 60-513(a)(4); *Johnson v. Johnson Cnty. Com'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)).  In Arkansas, a three-year statute of limitations applies to *Bivens* claims.  *See Kendrick v. Ardnt*, No. 08-5242, 2009 WL 1229886, at *5 (W.D. Ark. May 1, 2009) (citations omitted).  "While state law provides the applicable statute of limitations, federal law controls when a *Bivens* claim accrues."  *Peguero v. Meyer*, 520 F. App'x 58, 60 (3d Cir. 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, a *Bivens* claims accrues when the plaintiff knows of or has reason to know of

the injury.  *See Hughes*, 341 F. App'x at 752 (citing *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

In this case, plaintiff filed his original complaint on February 25, 2013 under the prisoner mailbox rule.  *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *see also Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.")  The only conduct that would potentially fall within the statute of limitations of the three potential forum states is the conduct that occurred at the Forrest City, Arkansas prison.  Indeed, the Nebraska claims occurred at or around plaintiff's trial in 2008 as alleged in the amended complaint.  Thus, the applicable four-year statute of limitations that would apply if this Court transferred this action to Nebraska would potentially not make this action timely as to the events that transpired within that district since they occurred in 2007 and 2008, or more than four years before plaintiff filed this case in February 25, 2013.  Plaintiff also alleges that the actions giving rise to his Kansas City claims occurred in 2008.  Thus, if this action was transferred to Kansas, it too would purportedly have significant timeliness issues in light of the applicable two-year statute of limitations on *Bivens* claims in that state.

Nevertheless, the amended complaint is less clear regarding when the events transpired in Forrest City, Arkansas.  Therefore, out of the three potential proper venue districts based on the allegations of the amended complaint, the Court finds that that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of Arkansas as the

other two purported proper venues (Nebraska and Kansas) raise significant statute of limitations

hurdles for plaintiff.[3]

## IV.    CONCLUSION

For the foregoing reasons, the motion to reopen this case will be granted and the Clerk

will be ordered to file the amended complaint.  The Clerk will be ordered to transfer this case to

the United States District Court for the Eastern District of Arkansas as venue is not proper in this

District.  An appropriate order will be entered.


DATED:  March 10, 2015

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[3] This Opinion does not make any affirmative timeliness findings.  Instead, the timeliness discussion is solely related to determining what venue is most appropriate for transfer purposes only.