**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**MILTON HERNANDEZ**                                                              **PLAINTIFF**
Reg #21885-047

**V.**                       **CASE NO. 2:15CV00032 KGB/BD**

**ROBERT MUELLER, et al.**                                             **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Discussion:**

Plaintiff Milton Hernandez is a federal prisoner currently housed at the Fort Dix-East Federal Correctional Institution in New Jersey. Mr. Hernandez filed this lawsuit *pro se* under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388

(1971). On March 11, 2015, the New Jersey court transferred the case to the Eastern District of Arkansas. (#11, #12, #13, #14)

In his amended complaint, Mr. Hernandez alleges that, in 2007, government informants, on orders from Defendant Beninato (a special agent with the Federal Bureau of Investigation), set out to smear and tarnish his reputation by saying that he was a member of the MS-13 gang. (#13) Mr. Hernandez also alleges that in 2008, the untrue gang-affiliation rumor was repeated by government agents at his trial, resulting in his being assaulted and threatened by gang members while he was in prison in Kansas. (#13)

Mr. Hernandez states that he was then transferred to a low-security prison in Forrest City, Arkansas, but again received threats and assaults based on his alleged gang membership. (#13) As a result, he was segregated and placed in punitive confinement in Forrest City and told he would be transferred to another facility in light of the pending threats. (#13) Mr. Hernandez does not provide the dates he was housed in Forrest City.

Mr. Hernandez filed this case on February 27, 2013. (#1) Under the relevant statute of limitation, all claims arising before February 27, 2010, are time-barred. *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001) (citing Ark. Code Ann. § 16-56-126)(the statute of limitations for a *Bivens* action is the forum state's statute of limitations for a personal injury claim, which in Arkansas is three years).

As noted by the New Jersey district court in its order transferring the case, the only conduct that could potentially fall within the limitations period is conduct that occurred at the Forrest City prison.  Because Mr. Hernandez has not provided the dates of his incarceration in Forrest City, the Court cannot determine whether the statute of limitations would bar claims based on Defendants' conduct in Arkansas.  (#13)

Even if the conduct at the Forrest City prison falls within the statue of limitations, however, Mr. Hernandez has not stated a claim on which relief can be granted.  His complaint does not state a deliberate-indifference claim based on conduct at the Forrest City prison.  (#13)  To state a claim for deliberate indifference, Mr. Hernandez must allege that the conditions of his Forrest City confinement posed a substantial risk of serious harm, and that Defendants actually knew of, but disregarded (or were deliberately indifferent to) threats to his safety.  *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003).

In his amended complaint Mr. Hernandez acknowledges that Forest City prison officials placed him in a segregated cell until arrangement could be made to transfer him to another facility in light of pending threats.  (#13)  Based on this fact, Mr. Hernandez cannot show that Defendants disregarded the safety risk that Mr. Hernandez faced at the Forest City prison from members of the MS-13 gang.  Taking facts in the complaint as true, Forest City Defendants took appropriate measures to keep Mr. Hernandez safe.  Accordingly, his claims fail, as a matter of law.

### III.  Conclusion:

The Court recommends that Mr. Hernandez's claims against the Defendants be DISMISSED, without prejudice.

DATED this 18th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE